**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William C. KEMPER,
Defendant–Appellant.**

**No. 89–6197.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 5, 1990.

Decided and Filed July 19, 1990.

---

Joe B. Brown, U.S. Atty., Debra Teufel Phillips, Asst. U.S. Atty., Office of the U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

Sumter L. Camp, Asst. Federal Public Defender, Federal Public Defenders Office, Nashville, Tenn., for defendant-appellant.

Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant-appellant William C. Kemper appeals his sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). For the following reasons, we vacate the sentence and remand the case to the district court for resentencing.

## I.

On November 18, 1988, a confidential informant advised agents of the Drug Enforcement Agency (DEA) of drug transactions involving the defendant. DEA agent Richard Darn arranged for the confidential informant to go to defendant's residence and purchase one ounce of cocaine from him for $1200 on November 18, 1988. On January 17, 1989, the defendant sold approximately 2.5 ounces of cocaine to the confidential informant of the DEA. The defendant was arrested at the conclusion of the transaction. On February 28, 1989, defendant was charged on a three-count indictment with two counts of knowingly and intentionally distributing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On count three of the indictment, defendant was charged with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

On July 10, 1989, the defendant pled guilty to count three of the indictment. The plea agreement stated in paragraph 10:

This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the *Federal Rules of Criminal Procedure.*

A. The government agrees to a sentence at the low end of the guidelines, but not below twenty-four (24) months.

B. It is further agreed that the drug quantity involved in these cases is 99 grams of cocaine (§ 2D1.1).

C. It is agreed that Mr. Kemper does not qualify for either the enhancement for aggravating role in the offense (§ 3B1.1) or for the reduction for acceptance of responsibility (Section 3E1.1).

D. A special assessment of $50 will be imposed.

E. The government takes no position on fine.

F. Counts One and Two of the indictment to be dismissed at sentencing.

The plea agreement entered into between defendant and the prosecution was incorporated into a Petition to Enter a Plea of Guilty which was submitted to the district court on July 10, 1989. The terms of the agreement were verbally restated during the plea colloquy before the court.

At the end of the plea hearing, the trial court announced that it would enter a judgment of guilt, order a presentence report, and accept the plea agreement. The United States Sentencing Guidelines' (hereinafter, the guidelines) range pursuant to

this plea agreement would yield a range of 27–33 months based on an offense level of 16 (Guideline § 2D1.1(a)(3)) [1] for conspiracy to distribute and possess with intent to distribute 99 grams of cocaine and defendant's criminal history category of III.

A presentence report was prepared for defendant. The presentence report calculated an offense level of 18 based on a drug quantity of over 100 grams. The presentence report stated that the plea agreement had stipulated that the total amount of drugs totalled 99 grams but that DEA laboratory analysis reports reflected 102.09 grams. In the presentence report, defense counsel conceded that he had been using the reserve amounts listed in item 33 of DEA form 7 to determine total scale of drug quantity and that further investigation with agents of the DEA had substantiated the method of calculation used by the probation officer, who had prepared the presentence report and had used the amount taken from item 25 of DEA Form 7. The guideline range calculated in the presentence report was 33–41 months based on an offense level of 18 for conspiracy to distribute and possess with intent to distribute 100 grams or more of cocaine and defendant's criminal history category of III.

At the sentencing hearing on September 5, 1989, the district court rejected the plea agreement and sentenced defendant to 33 months, accepting the guideline range of 33–41 months established by the presentence report based on a drug quantity of 100 grams or more, and rejecting the guideline range implicit in the plea agreement of 27–33 months based on a drug quantity of 99 grams. The district court refused to consider a two-level reduction for acceptance of responsibility under Guideline § 3E1.1 after it rejected the plea agreement. Defendant timely filed this appeal.

## II.

This court must decide whether the district court erred in rejecting the plea agreement and imposing a sentence higher than the one assumed in the plea agreement because the drug quantity stipulated to in the plea agreement was erroneous.

Defendant argues that there is no authority for the district court's actions. Defendant contends that once a trial court unqualifiedly accepts a plea agreement, it becomes bound by the agreement, and, absent fraud, cannot later reject the agreement, relying on *United States v. Holman*, 728 F.2d 809 (6th Cir.), *cert. denied*, 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984). In *Holman*, this court found that it was inappropriate to reject a plea agreement based on information obtained in the presentence report about defendant's criminal history. *Id.* at 813. The government agrees that it was error for the district court to reject the plea agreement and recommends that the case be remanded to the district court for sentencing within the plea agreement.

We find that both defendant and the government are incorrect in relying on *United States v. Holman*, which has, in effect, been overruled by the 1987 amendments to the Federal Rules of Criminal Procedure and the implementation of the United States Sentencing Guidelines.

Under Federal Rule of Criminal Procedure (Fed.R.Crim.P.), Rule 11(e) there are three categories of plea agreements: an agreement which moves for the dismissal of other charges (Rule 11(e)(1)(A)); an agreement that makes a recommendation, or agrees not to oppose the defendant's request for a particular sentence with the understanding that such recommendation or request shall not be binding upon the court (Rule 11(e)(1)(B)); and an agreement that agrees that a specific sentence is the appropriate disposition of the case (Rule 11(e)(1)(C)).

---

**1.** Guideline § 2D1.4 provides that if a defendant is convicted of a conspiracy or attempt to commit any offense involving a controlled substance, each conspiracy transaction shall be included with those underlying substantive counts of conviction to determine scale. The underlying substantive offense in count three is 21 U.S.C. § 841(a)(1). The guideline for 21 U.S.C. § 841(a)(1) is found in § 2D1.1(a)(3).

Although in the present case a definite sentence in terms of exact number of months was not set, the plea agreement stated that the sentence would be at the low end of the guidelines, but not below 24 months. Because it was stipulated in the plea agreement that the drug quantity involved was 99 grams, it was assumed that the guidelines' base offense level was 16 and the guideline sentencing range would be 27–33 months. The plea thus can be characterized as one providing for a specific sentence under Rule 11(e)(1)(C). Moreover, there was no understanding that the recommended sentence would not be binding on the district court as required by Rule 11(e)(1)(B).

■ At the hearing for the guilty plea on July 10, 1989, the district court stated that it would accept the plea agreement and ordered a presentence report, setting sentencing for September 5th. The court's request for a presentence report was in compliance with Guideline § 6A1.1, which mandates that a probation officer conduct a presentence investigation and report to the court before the imposition of sentence unless the court finds that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. The defendant may not waive the preparation of the presentence report. The requirement that a presentence report be made and reported to the court before the imposition of sentence is also stated in amended Rule 32(c)(1), Fed.R.Crim.P.

■ If, as in the present case, a plea agreement has been accepted by the court before the presentence report has been conducted, Guideline § 6B1.1(c) describes the plea agreement procedure:

> The court shall defer its decision to accept or reject any nonbinding recommendation pursuant to Rule 11(e)(1)(B), and the court's decision to accept or reject any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the pre-

sentence report, unless a report is not required under § 6A1.1.

The commentary to Guideline § 6B1.1 explains the timing of the court's decision whether to accept the plea agreement.

> Rule 11(e)(2) gives the court discretion to accept the plea agreement immediately or defer acceptance pending consideration of the presentence report. Prior to the guidelines, an immediate decision was permissible[2] because, under Rule 32(c), Fed.R.Crim.P., the defendant could waive preparation of the presentence report. Section 6B1.1(c) reflects the changes in practice required by § 6A1.1 and amended Rule 32(c)(1). Since a presentence report normally will be prepared, *the court must defer acceptance of the plea agreement until the court has had an opportunity to consider the presentence report* (emphasis added).

Thus, in the present case, although the court stated that it was accepting the plea agreement before the presentence report had been made, this acceptance was contingent upon the court's consideration of the presentence report.

Guideline § 6B1.2(c), *Standards for Acceptance of Plea Agreements*, states that in the case of a plea agreement that includes a specific sentence [Rule 11(e)(1)(C)], the court may accept the agreement if the court is satisfied that the agreed sentence is within the applicable guideline range. In the present case, it was assumed in the plea agreement that the base offense level for count three would be 16 based on the stipulated drug quantity of 99 grams. The presentence report calculated a base offense level of 18 because the correct drug quantity was 100 grams or more. The presentence report thus indicated that the sentence which had been agreed to (the low end of 27–33 months based on a base offense level of 16) was not within the applicable guideline range (33–41 months based on a base offense level of 18). The commentary to Guideline § 6B1.2 states that "the court will accept a recommended sentence or a

---

**2.** *United States v. Holman,* 728 F.2d 809 (6th Cir.1984), on which defendant relies, is such a

decision. Because it is a pre-guidelines case, it is no longer applicable.

plea agreement requiring imposition of a specific sentence *only if the court is satisfied ... that the contemplated sentence is within the guidelines....*" (emphasis added). In the present case, the contemplated sentence was not within the guidelines because it was based on an incorrect drug quantity, which had inadvertently been stipulated to.

■ Guideline § 6B1.4 states that a plea agreement may be accompanied by a written stipulation of facts relevant to sentencing, but that a court is not bound by the stipulation. With the aid of the presentence report, the court is to determine the facts relevant to sentencing. Guideline § 6B1.4(d). Thus, in the present case, the district court was not bound by the stipulation that the drug quantity was 99 grams. As the court in *United States v. Forbes* stated,

> Under the sentencing guidelines, the district court is not bound by stipulations of fact, "but may with the aid of the presentence report, determine the facts relevant to sentencing." Otherwise, the Government and defendants, in the plea bargaining process, could by stipulation resolve crucial, disputed factual issues and thereby undercut the court's fact-finding function in guidelines application.

888 F.2d 752, 754 (11th Cir.1989) (citation omitted).

Thus, in the present case, it was correct for the district court to reject the plea agreement based on the incorrect stipulation concerning drug quantity. It was assumed in the plea agreement that the base offense level would be 16. This assumption was based on the incorrect assessment of the drug quantity as 99 grams. The stipulation that the drug quantity involved was 99 grams did not have a factual basis, and under Guideline 6B1.4 the court was not bound by the stipulation.

However, once the district court found grounds for rejecting the plea agreement, it was error for the court to impose a sentence without affording defendant Kemper an opportunity to withdraw his guilty plea. Guideline § 6B1.3 states:

*Procedure Upon Rejection of a Plea Agreement* (Policy Statement)

> If a plea agreement pursuant to Rule 11(e)(1)(A) or Rule 11(e)(1)(C) is rejected, the court shall afford the defendant an opportunity to withdraw the defendant's guilty plea. Rule 11(e)(4), Fed.R.Crim.P.

The law does not "permit a criminal defendant to bargain away his constitutional rights without receiving in return either the benefit of his bargain ..., or, if the court rejects that bargain, reinstatement of the rights surrendered...." *United States v. Brummett*, 786 F.2d 720, 722 (6th Cir.1986) (citation omitted); *see also Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971) (although there is no absolute right to have a guilty plea accepted, once a promise is made, the cure for a broken plea is specific performance of the plea agreement or opportunity to withdraw the plea). Under the guidelines, the appropriate cure for a properly rejected plea agreement is not specific performance of the plea agreement, as defendant alleges, but opportunity to withdraw the plea pursuant to Guideline § 6B1.3. We therefore vacate the sentence imposed by the district court and remand to allow the defendant the opportunity to withdraw his plea.

### III.

■ Defendant also argues that it was error for the district court to refuse to make any findings concerning his acceptance of responsibility under Guideline § 3E1.1 once the court rejected the plea agreement.

We agree. In the plea agreement paragraph 10(c), the government agreed to give up any argument for enhancement for an aggravating role in the offense under Guideline § 3B1.1 and defendant agreed to give up any argument for reduction of his sentence due to acceptance of responsibility under Guideline § 3E1.1. Relying on this agreement, the probation officer made no independent finding concerning acceptance of responsibility in the presentence report. Once the district court rejected the plea agreement, the bargain struck relating to

38

acceptance of responsibility was void, and the determination of this factor became an unresolved issue. The district court is required to resolve all issues of disputed facts at sentencing. Guideline § 6A1.3(b) states:

> The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 1, 1987), notify the parties of its tentative findings and provide reasonable opportunity for the submission of oral or written objections before imposition of sentence.

After the district court had rejected the plea agreement, it was error to refuse to make a determination concerning defendant's acceptance of responsibility. Defendant was no longer bound by the plea agreement in which he agreed to give up any argument concerning this issue, and his counsel at the sentencing hearing specifically asked the court to rule on this issue. Therefore, a determination concerning acceptance of responsibility should have been made.

For these reasons, the sentence of the district court is vacated and the case is remanded to the district court for proceedings consistent with this opinion.