UNITED STATES of America,
Plaintiff–Appellee,

v.

Commer Lee MASON, Defendant–
Appellant.

No. 89–30156.

United States Court of Appeals,
Ninth Circuit.

Submitted March 2, 1992 *.

Decided April 23, 1992.

Charles A. Johnston, Felker, Lazares & Johnston, Tacoma, Wash., for defendant-appellant.

Andrew R. Hamilton, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before: WRIGHT and ALARCON, Circuit Judges, FONG, District Judge.**

ALARCON, Circuit Judge:

Commer Lee Mason (Mason) appeals from the sentence imposed following his plea of guilty to conspiring to distribute a substance containing a cocaine base. Mason contends that we must vacate the sentence and remand this matter with directions that the district court resentence him in accordance with the facts set forth in the plea agreement, or allow him to withdraw his plea. We affirm because we conclude that the district court was not bound by the parties' inaccurate stipulation

---

* The panel unanimously finds this case suitable *for submission on the record and briefs and without oral argument.* Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

** Honorable Harold M. Fong, Chief Judge, United States District Court for the District of Hawaii, sitting by designation.

regarding the amount of cocaine base related to the conspiracy charge.

## I.

On January 5, 1989, the grand jury returned an indictment that charged Mason and Byron Benito Spikes in Count I with conspiracy to distribute substances containing a cocaine base, and in Count II, with the distribution, of more than five grams of a substance containing a cocaine base on October 19, 1988. Spikes was separately charged with the distribution of a substance containing a cocaine base on October 28, 1988.

Mason entered a not guilty plea on January 13, 1989. Trial was scheduled for February 21, 1989. After the clerk called this matter for trial on February 21, 1989, the prosecutor informed the court as follows:

Your Honor, Mr. Mason is before the Court to enter a plea of guilty at this time to Count I of the indictment that is against him that charges conspiracy to distribute cocaine base.

For purposes of this plea, the parties are agreeing and stipulating that the amount of cocaine base involved in this count is less than five grams of cocaine base. Other than with that understanding he is prepared, I understand to plead to Count I.

The prosecutor then explained that a written plea agreement had not been prepared "because we were not aware that a plead was going to happen." The prosecutor stated the terms of the agreement were as follows:

Mr. Mason agrees to plead to Count I of the indictment. The parties agree and stipulate the total amount of cocaine base involved is less than five grams. At the time of sentencing the government will move to dismiss the remaining counts [sic] pending against him.

In response to questions by the court, Mason and his attorney informed the court that the prosecutor's recitation of the agreement was consistent with their understanding of the terms. The court asked Mason whether it was true that there was no other agreement concerning his plea.

Mason replied: "That is correct, Your Honor."

After Mason was sworn, the court recited Count I of the indictment. Count I reads as follows:

Beginning at a time unknown, but as early as October 19, 1988, and continuing until on or about December 10, 1988, at Tacoma, within the Western District of Washington, Byron Benito Spikes, a/k/a "BYE–BYE," and COMMER LEE MASON, a/k/a "C.M.," knowingly and intentionally did conspire to distribute substances containing cocaine base, a narcotic substance controlled under Schedule II, Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Section 846.

The court asked the prosecutor to state the maximum possible punishment for the crime charged in Count I. The prosecutor responded: "Imprisonment for up to 20 years, a fine of up to $250,000, or both." When asked if he understood the maximum possible punishment, Mason replied: "Yes."

The following colloquy then ensued:

THE COURT: Has anyone told you they have made a deal with me as to what sentence I might impose?

DEFENDANT COMMER LEE MASON: No.

## II.

In conflict with Mason's plea agreement, the presentence report stated that Mason distributed 5.19 grams of a substance containing a cocaine base in connection with the conspiracy alleged in Count I of the indictment. The prosecutor furnished that information to the probation department.

At the sentencing hearing on April 28, 1989, the court started by inquiring whether there was "any legal reason sentence should not be imposed." Mason's attorney, Mr. Charles A. Johnston, stated: "No, Your Honor." Mr. Johnston pointed out to the court that the parties had stipulated that the amount of cocaine base involved in

the conspiracy was less than five grams. The court then asked Mr. Johnston: "Can you do that under the guidelines?" Mr. Johnston responded: "Well, we did it."

Mr. Johnston requested that Mason receive "the full benefit of the bargain" by calculating the base offense level at 22, and imposing a sentence at the low end of the range. The range for an offense level of 22 is 41 to 51 months. In response, the court stated: "Well, now I'm faced with the truth in the case." The court explained that under the Sentencing Guidelines it was required to consider all the surrounding facts and circumstances, and could not in "good conscience" ignore the fact that more than five grams of a substance containing a cocaine base was distributed. The court stated that the appropriate guideline range was 51 to 63 months. Mr. Johnston replied: "All right. Fine. I think he's 41 to 51, and I ask the court to give him the low end of that, 41 months". The Court sentenced Mason to a term of imprisonment of 60 months.

### III.

■ Mason contends that the district court was bound by the parties' stipulation that the total amount of the substance containing a cocaine base that was distributed in furtherance of the conspiracy was less than five grams. We review *de novo* a district court's application of the Sentencing Guidelines. *United States v. Howard,* 894 F.2d 1085, 1087 (9th Cir.1990). We rejected a similar argument in *Howard.*

In *Howard,* the defendant agreed to plead guilty to a conspiracy charge in exchange for the state's promise to dismiss the remaining charges and to stipulate that Howard was a minor participant. *Id.* at 1087. The district court in *Howard* rejected the stipulation that Howard was a minor participant and ruled that he was not entitled to a two-point reduction in his offense level. *Id.*

We held in *Howard* that a district court "is not obligated to accept the truth of [a] stipulation" that affects the sentencing decision. *Id.* at 1089 n. 2.

■ In the instant matter, as in *Howard,* the parties stipulated to facts in the plea agreement in order to affect the sentencing decision. Moreover, the stipulation was known by both parties to be an inaccurate statement of the amount of cocaine involved in Mason's offense. Section 6B1.4(d) clearly states that a court is not bound by a stipulation in a plea agreement. The commentary further explains that "it is not appropriate for the parties to stipulate to misleading or non-existent facts, even when both parties are willing to assume the existence of such 'facts' for purposes of the litigation." U.S.S.G. § 6B1.4, comment. Based on *Howard* and section 6B1.4, we hold that the district court was free to reject the stipulation in light of the true facts set forth in the presentence report.

■ Section 6B1.4(d) also provides, as we noted in *Howard,* that a defendant can condition his guilty plea "on the district court's acceptance of the parties' stipulation." *Howard,* at 1089 n. 2. Mason did not indicate to the court that his guilty plea was conditioned on the district court's acceptance of the stipulation that the amount of substance containing a cocaine base was less than five grams. The district court informed Mason that no "deal" had been made with the court regarding the sentence to be imposed. In fact, Mason was advised that he faced a maximum of 20 years in prison.

Other circuits have also held that a district court is not bound by inaccurate stipulations contained in a plea agreement. In *United States v. Russell,* 913 F.2d 1288 (8th Cir.1990), *cert. denied sub nom. Moore v. United States,* — U.S. —, 111 S.Ct. 1687, 114 L.Ed.2d 81 (1991), for example, the Eighth Circuit held that the district court did not abuse its discretion in refusing to set aside the defendant's plea of guilty, notwithstanding the fact the defendant mistakenly believed the facts set forth in the presentencing report would be consistent with those incorporated in the parties' stipulation. *Id.* at 1293. The court reasoned that Section 6B1.4(d) of the Sentencing Guidelines gave the defendant ade-

quate notice that the courts are not bound by inaccurate stipulations. *Id.*

Similarly, in *United States v. Forbes*, 888 F.2d 752 (11th Cir.1989), the Eleventh Circuit held that the district court did not abuse its discretion in determining that the defendant had not played a minor role in a counterfeiting scheme, even though the parties stipulated that he had. *Id.* at 754. The court reasoned that under Section 6B1.4(d), the district court was not bound by the parties' stipulation. *Id.*

Other circuits have held that under certain circumstances, a court must accept a stipulation contained in a plea agreement, or offer the defendant an opportunity to set aside the plea. However, these cases are distinguishable. In *United States v. Torres*, 926 F.2d 321 (3rd Cir.1991), the parties stipulated that the amount of cocaine seized was no more than 198 grams. *Id.* at 322. The Court responded "198. That binds it." *Id.* at 325. During sentencing, however, the court stated that it would rely on additional kilograms of cocaine that had been expressly excluded from the stipulation by the prosecutor because it had been seized illegally. *Id.*

The defendant in *Torres* moved to withdraw his guilty plea. *Id.* The district court rejected the motion "despite counsel's contentions that the defendant had relied on the stipulation of 198 grams." *Id.* The Third Circuit reversed because the district court had stated "[t]hat binds it," after hearing the stipulation. *Id.* at 327.

In *United States v. Kemper*, 908 F.2d 33 (6th Cir.1990), the parties stipulated that the drug quantity was 99 grams of cocaine. *Id.* at 34. "At the end of the plea hearing, the trial court announced that it would enter a judgment of guilt, order a presentence report, and *accept the plea agreement.*" *Id.* (emphasis added). The presentence report showed that the total amount of cocaine was 102.09 grams. *Id.* at 35. The court rejected the plea agreement and sentenced the defendant based on the presentence report. *Id.*

The court in *Kemper* held that, because the district court had accepted the plea agreement before the presentence report was prepared, it was error to impose sentence without affording the defendant the opportunity to withdraw his guilty plea. *Id.* at 36–37.

■ In contrast, here the court did not indicate that it had accepted the plea agreement or that it would be bound by the stipulated facts. Instead, the court told Mason no "deal" had been made with the court regarding his sentence. In addition, Mason did not move to withdraw his guilty plea when he was informed that the court would not accept the inaccurate stipulation. We hold that, under the circumstances set forth in this record, the district court was not bound by the stipulation, nor was it under a duty *sua sponte* to afford Mason the opportunity to withdraw his guilty plea.

■ Mason asserts that the district court was required to permit him to withdraw his plea because it was entered pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). This issue was not presented to the district court. As a result, the Government did not have the opportunity to present evidence, if such exists, to demonstrate that this plea was not entered pursuant to Rule 11(e)(1)(C). We decline to attempt to resolve this question on the present record. *See United States v. Childs*, 944 F.2d 491, 495 (9th Cir.1991) (declining to consider a factual issue raised for the first time on appeal because it would be unfair to the Government to decide a disputed question of fact not presented during the prior proceeding). We express no view regarding the merits of this issue or whether it can be resolved in a post-conviction challenge to the judgment of conviction.

## IV.

Without citation to authority or pertinent portions of the record, Mason also argues that the prosecutor violated the plea agreement by disclosing facts to the probation department that were inconsistent with those set forth in the stipulation. This argument was not presented to the district

court. We decline to consider it for the first time on appeal. *See id.*

AFFIRMED.