978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell K. DRURY, Defendant-Appellant.
 No. 92-5009.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Wendell K. Drury appeals from his sentence following indictment and plea of guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and failure to file a tax return in violation of 26 U.S.C. § 7701. Defendant appeals only from the order and portion of the judgment increasing his base offense level four (4) levels, for an aggravating role in the offense under U.S.S.G. § 3B1.1(a). We affirm.
 
 
 2
 Defendant contends that he was not afforded his confrontation rights under the Sixth Amendment Confrontation Clause of the United States Constitution at the sentencing hearing. At the time of sentencing, our decision in United States v. Silverman, Nos. 90-3205/5733/5816 (6th Cir. Sept. 17, 1991) (vacated) holding that the Sixth Amendment Confrontation Clause applies at sentencing, had just been vacated. The issue has recently been resolved by the en banc court concluding that it does not. United States v. Silverman, --- F.2d ----, (6th Cir. Sept. 22, 1992).
 
 
 3
 In any event, the district court heard the testimony of three government witnesses who each testified that they were distributing marijuana for Wendell Drury and that he was an organizer of their activities. Therefore much of the evidence relied upon by the district court was not even hearsay evidence and would not be excludable even if Silverman had reached the opposite result. Furthermore, defendant was given the opportunity to cross-examine these witnesses. The fact that the district court also relied on evidence from related trials in which Drury was not a defendant does not bar its use. United States v. Beaulieu, 893 F.2d 1177, 1180-81 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990).
 
 
 4
 In sum we find that the evidence relied upon by the district court had a "sufficient indicia of reliability to support its probable accuracy," and that the court's finding is supported by a preponderance of the evidence. See Silverman, slip op. at 24. We therefore AFFIRM.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan sitting by designation