985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delbert BROWN, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT, Defendant-Appellee.
 No. 92-55712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delbert Brown appeals pro se the district court's grant of summary judgment in his action against the Southern California Rapid Transit District (RTD) alleging employment discrimination, wrongful termination of employment, and a violation of his First Amendment rights. Brown contends that the district court erred by finding that he was properly served with RTD's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment "to determine whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law." Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1340 (9th Cir.1989).
 
 
 4
 Fed.R.Civ.P. 5(b) provides in relevant part: "[s]ervice ... upon a party shall be made by delivering a copy to the ... party.... Delivery of a copy within this rule means: handing it ... to the party; ...."
 
 
 5
 The Local Rules of the Central District of California provide that: "[p]roof of personal service may be made by acknowledgment of service by the person receiving a copy thereof on the original of the copy served. That person shall be the attorney for the party, the person in charge of the attorney's officer, or the party appearing pro se." C.D.Cal.R. 5.8.3.
 
 
 6
 Here, on April 27, 1992, a process server personally served a copy of RTD's motion for summary judgment on Brown. The attached proofs of service were not signed. The original proofs of service were signed by the process server, attached to the original motion and supporting papers, and filed in the district court the next day. Brown did not file any written opposition to the motion.[1]
 
 
 7
 On May 18, 1992, at the hearing on the motion, Brown argued that if his copy of the proofs of service had been signed that he would have timely filed an answer. He admitted that he had personally received the motion and examined it. The district court then allowed Brown to state his objections to the motion. Brown stated that "[y]ou know, I object to the motion because I feel that the weight of the evidence that I have presented, you know, far exceeds the motion itself, and I think that evidence should be heard and a jury trial should be initiated" (RT 5/18/92 at 6). Following further argument from opposing counsel, the district court found that Brown was "terminated from his employment for his failure to return to work within 12 months [after a medical leave] as provided in a collective bargaining agreement" and granted RTD's motion for summary judgment (id. at 7).
 
 
 8
 On appeal, Brown challenges the validity of the motion for summary judgment. Without citation to authority, Brown argues that he was not properly served with the motion because proofs of service attached to his copy were not signed by the process server. We find no such requirement in Fed.R.Civ.P. 5 or C.D.Cal.R. 5.8.3. Because Brown was personally served in accordance with these rules, his contention lacks merit. As he introduced no evidence in opposition to the motion for summary judgment, the district court did not err by finding that there were no controverted genuine issues of fact.
 
 
 9
 Accordingly, the district court properly granted summary judgment. Tzung, 873 F.2d at 1342.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Brown's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown argues for the first time on appeal that he was unable to file a timely written opposition to the motion because the district court was inaccessible due to the Los Angeles riots following the Rodney King trial. We decline to address this argument because Brown did not present it before the district court. See United States v. Mason, 961 F.2d 1460, 1463 (9th Cir.1992) (declining to consider a factual issue raised for the first time on appeal)
 
 
 [2]
 In his reply brief, Brown appears to argue for the first time that: (1) RTD violated Article 31 of the collective bargaining agreement; and (2) his rights under the equal protection clause of the Fourteenth Amendment were violated. We decline to address arguments not raised in the appellant's opening brief. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991)
 Brown also argues that RTD's brief should be stricken for arrogant non-compliance with the briefing schedule. This argument is meritless.