62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wendell Keith DRURY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5156.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Wendell Keith Drury, a pro se federal prisoner, appeals a district court order and judgment dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Drury was named in eight counts of a sixteen-count superseding indictment charging various drug, firearm, and tax offenses. He pleaded guilty in September 1991 to counts one (conspiracy to distribute marijuana) and sixteen (income tax evasion) pursuant to a Rule 11 plea agreement. The district court sentenced Drury on December 19, 1991, to concurrent prison terms of 110 months on count one and 60 months on count sixteen, followed by five years of supervised release. A panel of this court affirmed Drury's sentence in an unpublished opinion. United States v. Drury, No. 92-5009, 1992 WL 318612 (6th Cir. Nov. 4, 1992) (per curiam).
 
 
 3
 In his motion to vacate, Drury raised two grounds for relief: (1) the district court miscalculated his base offense level by holding him accountable for an amount of marijuana which he could not reasonably foresee, and (2) a material change in family circumstances justified a modification of his sentence. A magistrate judge recommended that the motion be denied because Drury's counsel had stipulated to the amount of drugs by which his base offense level would be determined, he did not establish cause and prejudice for his failure to raise this issue at sentencing or on direct appeal, and he was not entitled to relief based upon the change in family circumstances. Drury filed timely objections to the magistrate judge's proposed disposition of his drug quantity issue, but the district court overruled his objections and denied Drury's Sec. 2255 motion in an opinion and order filed on January 5, 1995. A separate judgment was entered the same day.
 
 
 4
 On appeal, Drury argues that the district court violated his Fifth Amendment due process rights by imposing an unlawful sentence in breach of his plea agreement and in non-compliance with the sentencing mandates of 18 U.S.C. Sec. 3553(c)(1) and (a)(4)-(5).
 
 
 5
 Upon review, we affirm the district court's judgment because Drury has not established cause and prejudice for his failure to raise his sentencing issues during his sentencing proceeding or on direct appeal. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 6
 Because Drury did not specifically object to the magistrate judge's proposed disposition of his issue regarding changed family circumstances, he has waived his right to appeal that issue. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Furthermore, he did not attempt to raise that issue on appeal; it is, therefore, considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Drury could have raised his drug quantity issue at sentencing or on direct appeal, but did not. In fact, counsel expressly stipulated to the drug quantity at the sentencing proceeding, and Drury himself did not raise the issue during his allocution. Although the district court was not bound by the parties' stipulation, see United States v. Kemper, 908 F.2d 33, 37 (6th Cir. 1990), it did not err in accepting it. See United States v. Gonzalez-Acosta, 989 F.2d 384, 390 (10th Cir. 1993); United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990).
 
 
 8
 Moreover, a nonconstitutional issue which could have been asserted on direct appeal, but was not, may not be raised in a collateral proceeding, Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), unless the movant shows cause excusing his failure to raise it previously and actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993).
 
 
 9
 Drury asserts ineffective assistance of counsel as cause for his procedural default. However, his ineffective assistance claim is without merit. To establish ineffective assistance of counsel, Drury must show that his attorney's performance was, under all of the circumstances, unreasonable under prevailing professional norms, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Normally, in a guilty plea context, the movant must satisfy the prejudice prong of this test by showing that, were it not for counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Drury completely fails to satisfy the prejudice prong of the Strickland/Hill test because at no time does he assert that, were it not for counsel's alleged error in stipulating to at least 400 kilograms of marijuana, he would not have pleaded guilty but would have insisted upon proceeding to trial.
 
 
 10
 Finally, Drury contends on appeal that his plea agreement was breached and that the district court erred by not stating its reason for imposing a particular sentence within the guideline range. These particular claims were raised for the first time in his objections to the magistrate judge's report. Even if it is assumed that these issues were properly raised in Drury's objections and could overcome the cause and prejudice hurdle discussed above, they are meritless. The only alleged "breach" of Drury's plea agreement concerns the drug quantity involved. However, the plea agreement itself did not specify the drug quantity attributable to Drury and expressly stated that it contained no agreement as to sentence. Drury's other argument is based upon his assertion that his guidelines sentencing range was 25 months, rather than 24, and therefore required a statement of reasons from the district court. Even if Drury's arithmetic is technically correct, a mere technical violation of the sentencing guidelines will not warrant relief under Sec. 2255. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993). In addition, a review of the sentencing transcript establishes that the district court did provide its reasons for choosing a sentence above the minimum, i.e., the seriousness of the offense and the fact that Drury involved several other members of his family in it.
 
 
 11
 Accordingly, the district court's judgment, entered on January 5, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.