**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julius BLACK, Defendant–Appellant.**

No. 00–5669.

United States Court of Appeals,
Sixth Circuit.

March 1, 2002.

Before SILER and BATCHELDER, Circuit Judges; and HOOD, District Judge.*

PER CURIAM.

The defendant, Julius Black, entered guilty pleas to one count of conspiracy to possess cocaine with intent to distribute and one count of conspiracy to possess with intent to distribute marijuana, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. Subsequently, the district court sentenced Black to serve a 262–month term of imprisonment and a 5–year term of supervised release. On appeal, Black contends the district court misapplied the sentencing guidelines and committed plain error in relying exclusively upon the stipulated amount of drugs. We find no reversible error and affirm.

Black was one of ten persons indicted for taking part in a large drug smuggling operation. Immediately prior to trial, Black entered a guilty plea pursuant to a Rule 11(e)(1)(C) oral plea agreement. The substance of the plea agreement was recited in open court by counsel for the government and affirmed by defense counsel. In essence, the government agreed to (1) not prosecute Black on a third count; (2) a sentence of 262 months (the mandatory statutory minimum for Black's offenses); (3) a fine at the lowest end of the guideline range; (4) withdraw of its notice of intent to seek enhanced sentencing pursuant to 21 U.S.C. § 851; (5) reduction of three levels pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 for acceptance of responsibility; and (6) (most importantly for purposes of this appeal) stipulate to a marijuana quantity of at least 3,000 kilograms but not more than 10,000 kilograms.

Following the recitation of the substance of the guilty plea the district court required the government to provide it with a "factual basis for guilty pleas as to … Mr. Black." The government then relayed the facts of the case, most of which were based on the testimony of co-conspirators. The investigation that led to Black's trial began when the Government seized 500 pounds of marijuana in Laredo, Texas, followed by another seizure of 137 pounds. From documents taken with the 500 pound seizure the Government was able to trace phone numbers and calls to Louisville, Kentucky. Further calls were found that were made from Louisville to Laredo, Miami, Florida, and other locations. The telephone numbers and calls discovered by authorities led to Luis Cruz who was expected to testify that he was a large-scale distributor of cocaine to the Louisville area. (Cruz would further testify that he met co-defendant Robert Hayes in the Louisville area in 1994.) Mr. Hayes was jailed shortly thereafter and while in jail he met Black and other co-conspirators who discussed their future drug distribution plans following release from incarceration.

Upon release Hayes began to receive large shipments of marijuana and cocaine from Texas. Hayes employed numerous people, including Black, to aid his enterprise. Black made trips to Miami and Laredo to deliver money received from drug sales in Louisville, and returned to Louisville with more drugs. The government possessed evidence relating to the trips and the locations in Louisville where the drugs were stored. Black aided Hayes in the Louisville distribution of the drugs. There was further evidence in the form of witness testimony as to the amount of drugs distributed, the amount of money

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

involved, the use of vehicles, patterns of sales and delivery, and money laundering.

The district court questioned Black on different occasions to determine if he believed that the factual basis for the plea agreement as recited by the government was accurate, to which Black responded in the affirmative. Thereafter, the court stated that it would wait to determine Black's sentence until it had a chance to review the presentence report and the parties had an opportunity to offer objections.

The court then continued the case until sentencing where objections to the presentence report were voiced. The district court noted in its order continuing the case that it would defer its acceptance or rejection of the plea agreement until it had an opportunity to review the presentence report.

At sentencing, Black made numerous objections, none of which affected the plea agreement or the sentence agreed upon. Following resolution of the objections the court sentenced Black to 262 months for Count 2 and 240 months for Count 3 to be served concurrently, for a total sentence of 262 months, followed by supervised release for five years. The court noted that it "reviewed the presentence report and accepted the plea agreement under Rule 11(e)(1)(C) and sentenced in accordance with it."

On appeal, Black makes two related arguments. First, he alleges that the district court erred by failing to "conduct an independent inquiry in ascertaining ... [whether] the factual basis of Black's sentence [was] ... supported by competent evidence in the record." Black argues that the district court erroneously relied "exclusively" on the stipulation of the marijuana amount. Further, since the district court erroneously relied exclusively on the stipulated quantity of drugs, the resultant

sentence imposed "may very well have not been within the guidelines."

Initially, the parties quarrel over the appropriate standard of review and, in fact, whether this court even has the power to review. Black claims that the standard of review is de novo over the question of whether his sentence resulted from an incorrect application of the guidelines. Next, to avoid the government's waiver argument, Black maintains that since he objected to other issues contained in the presentence report this court should exercise its discretion and review his sentence for plain error.

The government argues that since Black failed to object to the drug quantity that he now claims was erroneous, Black has waived the issue and this court cannot review his appeal. Black's knowing and voluntary stipulation to the drug quantity, with no objection to the court's acceptance of his agreement, constituted a waiver.

 The Supreme Court clearly differentiated between waiver and forfeiture of rights in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In *Olano*, the defendant failed to object to the presence of alternate jurors in the jury room during deliberations. *Id.* at 727–28, 113 S.Ct. 1770. The Court noted that waiver, as opposed to forfeiture, is the "intentional relinquishment or abandonment of a known right." *Id.* at 733, 113 S.Ct. 1770 (citation and internal quotations omitted). "For example, a defendant who knowingly and voluntarily pleads guilty in conformity with the requirements of Rule 11 cannot have his conviction vacated." *Id.* This is because the defendant waived his right to trial. *Id.* It follows that, in the plea agreement context, so long as the defendant entered into the agreement knowingly and voluntarily, the defendant waived objections to what he consented to in the agreement. *United*

*States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir.2001).

■ Forfeiture, by contrast, is simply the failure to properly object and make a "timely assertion of a right." *Olano*, 507 U.S. at 733, 113 S.Ct. 1770. Forfeitures are subject to plain error review under Federal Rule of Criminal Procedure 52.

Black attempts to bring his claim within the jurisdiction of this court by arguing that even though he waived his right to challenge the quantity of the cocaine attributed to him in the plea agreement, he did not waive the district court's failure to independently verify the factual basis of the stipulated quantity. Specifically, he relies on U.S.S.G. § 6B1.4, comm., which states in regard to quantity stipulations that "the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information." Therefore, Black goes on, it is the district court's failure to follow § 6B1.4, and not the quantity itself, which is the subject of this appeal.

This exact argument was rejected by the Seventh Circuit in *United States v. Robinson*, 14 F.3d 1200 (7th Cir.1994). There, the defendant raised on appeal a claim that "the district court did not 'determine the amount of drugs' involved in the instant offense." *Id.* at 1206. The defendant had, like Black, entered into a plea agreement that stipulated the quantity of drugs for which he was liable. *Id.* The court ruled that "Robinson got what he bargained for, he waived any right to challenge the contents of the plea agreement." *Id.See also United States v. Teeter*, 257 F.3d 14, 29 (1st Cir.2001) (agreeing with the *Robinson* Court and ruling that a defendant who stipulated to facts had waived any objection to those facts and could not appeal questioning their veracity).

Under *Robinson*, it appears that Black may have waived his appeal of the quantity issue. The difficulty with *Robinson* is that it does not directly address the issue raised by Black (or at least does not think it relevant), and seemingly raised by Robinson, that their sentences were imposed in violation of the § 6B1.4 requirement that the district court make factual findings based not exclusively on the plea agreement stipulation.[1] This issue is different from whether a defendant waives his right to appeal the quantity to which he agreed. As a result, unless it appears that Black knowingly and voluntarily waived an objection to the section 6B1.4 requirement, this court likely has jurisdiction to review his appeal.

■ The standard of review, assuming that Black did not waive but instead forfeited his objection to the district court's alleged § 6B1.4 failure, is plain error. Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To establish plain error Black must show that: (1) there was error; (2) the error was plain, that is, clear or obvious; (3) the error affected the substantial rights of the defendant; and (4) the error affected the fairness, integrity or public reputation of the judicial proceedings. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

*See United States v. Kemper*, 908 F.2d 33, 37 (6th Cir.1990) (quoting *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir.1989)). This rule conflicts with *Robinson*.

---

1. There is case law in this circuit to the effect that the purpose of § 6B1.4 is to preclude collusion by the parties and to preserve the district court's independent fact-finding duty.

■ Black argues that the district court below relied exclusively on the plea agreement to arrive at the quantity of drugs it used to calculate Black's sentence and thus violated § 6B1.4. The government does not directly address whether the district court committed plain error except to state that the district court relied on the plea agreement, the presentence report, and the admissions of co-defendants.

The district court reviewed the plea agreement asking Black whether he understood and consented to the agreement. The Government presented a summary of what it believed the co-defendants would testify to and what the evidence it would present would show. The court then continued sentencing until it had an opportunity to review the presentence report. At the following hearing, Black voiced a couple of objections but did not object to the quantity of drugs he had agreed to, or the district court's independent review of the facts pursuant to § 6B1.4. The district court noted for the record that it had reviewed the presentence report when determining the appropriate sentence.

Black relies on three cases to support his assertion that the district court erred when it allegedly relied exclusively on the factual stipulations in the plea agreement.[2] After reviewing the record, it is clear that those cases are inapplicable because the district court below did not commit any error, much less any error that was plain, clear or obvious. As just mentioned, the district court deferred sentencing until it had the opportunity to review the presentence report. The court also explicitly stated that it had reviewed the report when preparing for Black's sentencing hearing. As a result, it is clear that the district court neither violated § 6B1.4 nor committed plain error.

This court noted in a similar case that "it will be difficult, if not impossible, for a defendant to show any cognizable prejudice in connection with a sentence based on a drug quantity that he has acknowledged." *United States v. Stafford*, 258 F.3d 465, 477 (6th Cir.2001). Here, Black has completely failed to show any error, much less any prejudice, and this court therefore should rule that there was no plain error. This case is more akin to *United States v. Forbes*, 888 F.2d 752 (11th Cir.1989), where the Eleventh Circuit ruled that a district court could properly rely on facts outside of the plea agreement to determine the applicable sentence, than *United States v. Strevel*, 85 F.3d 501 (11th Cir.1996), also cited by Black and standing for the proposition that where a district court completely relies on the stipulated facts and does not look at other sources, it violates § 6B1.4. The district court below relied on the presentence report and the government's proffer of evidence in addition to the stipulated facts to arrive at Black's sentence.

In conclusion, since the district court did not commit plain error when it sentenced Black, his sentence is AFFIRMED.

---

**2.** The only truly relevant case cited by Black to support his claim that a failure to abide by § 6B1.4 is reversible error is *United States v. Strevel*, 85 F.3d 501 (11th Cir.1996).