### UNITED STATES of America, Plaintiff—Appellee,

v.

### Josette Marie SZETELA, Defendant—Appellant.

### No. 08–50564.

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted Sept. 3, 2009.*

Filed Sept. 8, 2009.

Antoine F. Raphael, Office of the U.S. Attorney, Riverside, CA, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kurt J. Mayer, Assistant Federal Public Defender, Office of the Federal Public Defender, Los Angeles, CA, for Defendant–Appellant.

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.**

## MEMORANDUM ***

Josette Marie Szetela ("Appellant") pled guilty to embezzling approximately

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

$193,000 from the United States Department of Defense. She now appeals her resulting eighteen-month sentence of incarceration and the restitution order imposed by the district court. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and now affirms.

Appellant contends that the district court failed to properly weigh all relevant sentencing factors as required by 18 U.S.C. § 3553(a) and instead arbitrarily adhered to the advisory guidelines without conducting a proper analysis. The advisory guidelines, though a "starting point and ... initial benchmark," are but one factor to be considered when fashioning an appropriate sentence. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007).

> In arriving at a sentence, a district court need not expressly state how each of the § 3553(a) factors influenced its decision: "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." Instead, appellate courts "assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines."

*United States v. Autery*, 555 F.3d 864, 873 (9th Cir.2009) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008 (en banc))).

■ The record shows that the district court relied on the advisory guidelines only as a starting point. The district court then conducted a well-reasoned and thorough evaluation of the § 3553(a) factors. The district court considered the amount of funds stolen from the United States, the period of time over which the crime was perpetrated, the need to deter both Appellant and others, Appellant's difficult up-

bringing and motivation for having committed the instant crime, and sentences imposed upon those convicted of similar crimes. Accordingly, the district court properly exercised its discretion when it sentenced Appellant to an eighteen-month period of incarceration.

■ Appellant also challenges the district court's restitution order in which Appellant was ordered to pay $199,125 to the United States. "[R]estitution in a criminal case may only compensate a victim for actual losses caused by the defendant's criminal conduct." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir.2001). Appellant contends that the restitution order encompasses amounts not caused by the conduct for which she was convicted and, more specifically, amounts not agreed upon in the factual basis supporting Appellant's plea, the charged offense of conviction or the conviction itself.

The district court was not bound to adhere to the terms agreed upon in the stipulated factual basis at the plea hearing, the charged offense of conviction or the conviction. *See* U.S.S.G. § 6B1.4(d) ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."); *United States v. Mason*, 961 F.2d 1460, 1462 (9th Cir.1992) ("[T]he district court was free to reject the stipulation in light of the true facts set forth in the presentence report."). The record is clear that the district court was presented with sufficient evidence indicating that each of the challenged acts of theft were directed at the same victim and conducted in the same manner as those acts for which Appellant admitted restitution was proper. Accordingly, each act was part of the embezzlement offense for which Appel-

270

lant was convicted. As such, the district court did not abuse its discretion by including the challenged amounts in the restitution order.

AFFIRMED.