### 30295. FOWLER v. THE STATE.

UNDERCOFLER, Presiding Justice.

The Superior Court of Cherokee County declared appellant to be an habitual violator and barred him from operating a motor vehicle upon the public highways of this state. Code Ann. §§ 92A-455 to 92A-464 (Ga. L. 1972, p. 1086). This appeal followed.

Among other things said Act provides, "On and after the effective date of this law [§§ 92A-455 through 92A-464] and when the records of the Department of Public Safety disclose that any person has been convicted under the traffic laws of this State, or a valid municipal or county ordinance paralleling and substantially conforming to a like State law, of an offense occurring on or after the effective date of this law, which record of conviction, when taken with, *and added to the previous convictions of such person of offenses occurring within 10 years prior to the date of such offense,* as contained in the files of the Department of Public Safety, shall reveal that said person is an habitual violator, as hereinafter defined, the Director of the Department of Public Safety shall forthwith certify to the district attorney of the judicial circuit in which such person resides according to the

records of the department, a full and complete abstract of the person's driving record as shown in the files of the department." (Emphasis supplied.) Code Ann. § 92A-456 (Ga. L. 1972, pp. 1086, 1087). The Act was approved by the Governor on April 6, 1972, and became effective July 1, 1972. Code Ann. § 102-111 (Ga. L. 1968, pp. 1364, 1365; 1969, p. 7).

Appellant contends that Code Ann. § 92A-456 is an ex post facto law. He argues that said law permits him to be declared an "habitual violator" and bars him from operating a motor vehicle upon the public highways because of offenses which occurred prior to its adoption. He argues also that said law penalizes past offenses more severely than the penalty imposed at the time the offenses were committed. We do not agree. Code Ann. § 92A-456 is directed at habitual violators and simply imposes a heavier penalty upon them. In *Tribble v. State,* 168 Ga. 699 (1a) (148 SE 593) (1929) we said: "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England; and they are not punished a second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." Accord, *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972). The punishment is for the new crime only but is heavier if one is an habitual violator. McDonald v. Massachusetts, 180 U. S. 311 (1900). The increased penalty is for the latest crime, which is considered to be an aggravated offense because a repetitive one. Gryger v. Burke, 334 U. S. 728, 732 (68 SC 1256, 92 LE 1683) (1947); Spencer v. Texas, 385 U. S. 554 (1966). The statute imposes punishment on none but future crimes and is not ex post facto. McDonald v. Massachusetts, Spencer v. Texas, both supra.

*Judgment affirmed. All the Justices concur.*

Submitted September 8, 1975 — Decided November 4, 1975.

*Elliott R. Baker,* for appellant.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, Andrew J. Ekonomou,* for appellee.