## 55219. COFER v. FIELDEN.

QUILLIAN, Presiding Judge.

The commissioner of the Department of Public Safety, defendant below, appeals from the order of Whitfield Superior Court granting plaintiff a limited driving permit due to extreme hardship. The plaintiff's automobile operator's license had been suspended for a period of three years. He contended that since he was a first offender within the meaning of Code Ann. § 68B-311 (Ga. L. 1975, pp. 1008, 1036; 1977, p. 648, eff. 3/23/77) that he was entitled to a limited driving permit upon a showing of extreme hardship as provided in that statute. The commissioner contended that the plaintiff was not a first offender and introduced evidence of a prior plea of nolo contendere and conviction of the same offense, to wit, driving under the influence. The prior offenses were within the ten-year period called for by the statute but before the enactment of the same. The trial judge held

that the Act can not be applied retroactively and that therefore the plaintiff was a first offender and entitled upon the proper showing to a limited driving permit. *Held:*

For the purposes of this opinion we assume arguendo that the plaintiff exhausted his administrative remedies before appealing to the superior court.

Code Ann. § 68B-311 (a) provides: "Notwithstanding any contrary provisions of section 68B-307 or section 68B-312 or any other sections of this Title, any person may apply for a limited driver's permit when and only when that person's driver's license has been suspended pursuant to (1) accumulating 15 or more points for traffic violations in any 24-month period or (2) a conviction under subsection (3) of section 68B-305 of driving under the influence of drugs or alcohol, provided that such person had not been convicted of or had a plea of nolo contendere to such offense accepted within ten years prior to the date of the most recent conviction." Under that statute the defendant is not a first offender and would not qualify for its beneficial provisions.

The fact that the offenses which serve to disqualify the plaintiff as a first offender occurred prior to the enactment of the statute would not serve to give such statute an unconstitutional or illegal retroactive effect. The Supreme Court has so held in construing similar provisions, to wit, Code Ann. §§ 92A-455 to 92A-464 (now repealed, 1976) with regard to a habitual violator. *Fowler v. State,* 235 Ga. 535 (221 SE2d 9). In that case the appellant contended that the law (Code Ann. § 92A-456) was an ex post facto law which permitted him to be declared an "habitual violator" and barred him from operating a motor vehicle upon the public highways because of offenses which occurred prior to its adoption. The Supreme Court held that: "The statute imposes punishment on none but future crimes and is not ex post facto." *Fowler v. State,* 235 Ga. 535, 536, supra. Accord, *Johnston v. State,* 236 Ga. 370 (1) (223 SE2d 808).

The trial judge erred in finding the plaintiff was a first offender and in modifying the suspension order so as to permit the plaintiff a limited driving permit.

*Judgment reversed. Webb and McMurray, JJ.,*

*concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED MARCH 10, 1978.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.
*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Erwin Mitchell,* for appellee.