### 33338. JONES v. THE STATE.

NICHOLS, Chief Justice.

Appellant pled guilty in Cobb County to driving with a suspended driver's license and was sentenced to five days to serve and six months to be probated upon payment of a $551 fine. She previously had been arrested for a traffic violation in Gwinnett County, had posted her driver's license under Code Ann. § 27-511.1 in lieu of bail, and her license had been suspended by the Department of Public Safety for failure to respond to the Gwinnett County summons.

After being incarcerated, she obtained legal counsel, who filed motions in her behalf. Her motions were

overruled and she appeals.

1. Her first enumeration of error contends that the trial court erred in finding that she was represented by counsel and that she understood her right to counsel when she entered her plea of guilty.

During the hearing on her motions, the trial court heard evidence respecting whether or not she was represented by counsel at the time of her plea of guilty and sentence. Appellant swore she was without counsel at that time. Her attorney stated in his place that the attorney whose name appears on the record did not become involved in the case until after appellant was sentenced. The solicitor who appeared at the hearing on motions was not in court when appellant pled and was sentenced. His statements to the court regarding whether or not appellant had counsel were hearsay to the extent that they were based upon matters not appearing of record. Furthermore, the name of the attorney was printed on the record rather than signed.

There was no evidence to support the finding of the trial court that appellant was represented by counsel at the time of her plea and sentence.

Appellant testified that she signed the following printed statement without reading it and without its contents having been explained to her: "Having been advised that I am being charged with driving with license in revocation and failure to appear and that the maximum punishment I can receive is twelve months, and having been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indigent, to plead not guilty and be tried by a jury, to confront the witnesses against me, and, to not give incriminating evidence against myself, I hereby waive these rights, state that I have not been induced by any threat or promise to enter this plea and do freely and voluntarily enter my plea of guilty to be heard by the judge."

Appellant testified that no one advised her that the offense was serious enough that she could serve time in jail if convicted and that no one asked her whether she wanted to waive her right to legal counsel.

No contention is made by appellant that she is

unable to read or that she was prevented from reading the foregoing waiver. The written waiver signed by appellant informed her of her right to counsel and of the maximum imprisonment that could be imposed. Appellant knowingly, intelligently and voluntarily waived her right to counsel. See *Johnston v. State,* 236 Ga. 370 (223 SE2d 808) (1976); *Williamson v. City of Tallapoosa,* 238 Ga. 522 (233 SE2d 777) (1977). See also *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977).

2. The third enumeration of error complains of the overruling of appellant's constitutional attack on Ga. L. 1973, p. 435; 1976, p. 213 (Code Ann. § 27-511.1), for failure to provide notice prior to suspension of a driver's license.

The Act in question is cumulative of the bail bond statutes and provides that a person ". . . upon being served with the official summons issued by such arresting officer, in lieu of being immediately brought before the proper magistrate, recorder or other judicial officer to enter into a formal recognizance or make direct the deposits of a proper sum of money in lieu of a recognizance ordering incarceration, may, upon agreement with the arresting officer deposit his . . . driver's license with the apprehending officer in lieu of bail . . . for his appearance for trial as set in the aforesaid summons . . ." The Act further provides that "A receipt for such license so deposited shall be given to such person by the arresting officer, and thereafter said person shall be permitted to use the receipt to operate a motor vehicle upon the highways of this State during the pendency of the case in which the license was deposited, unless his license or privilege is otherwise revoked, suspended or cancelled: Provided, however, that such receipt shall in no event be valid for more than 45 days . . . The Court in which the charge is lodged shall immediately forward to the Department of Public Safety of the State of Georgia the license which was deposited in lieu of bail if the driver fails to appear and answer to the charge against him. The Commissioner of Public Safety shall, upon receipt of a license so forwarded by the court, suspend the driver's license and driving privilege of the defaulting driver until notified by the court that the charge against such driver

has been finally adjudicated."

Thus, appellant was on notice by virtue of the summons that if she failed to appear or make some other proper disposition of the charge her driver's license would be suspended.

The Act is not violative of the due process clause of either the Federal or State Constitutions for failure to provide a second notice when the license is forwarded to the Department of Public Safety for suspension.

In addition to the notice contained in the summons, the driver's license bail receipt issued as a substitute license expires in accordance with the provisions of the Act. We find no merit in appellant's constitutional attack on this Act. The trial court did not err in overruling appellant's motions that were based upon this ground.

3. We find no merit in appellant's other enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 24, 1978 — DECIDED APRIL 4, 1978.

*Spence & Knighton, Judson R. Knighton,* for appellant.

*Herbert A. Rivers, Solicitor, M. Russell Carlisle, Jr., Assistant Solicitor, Arthur K. Bolton, Attorney General,* for appellee.