## 55612. COFER v. CROWELL.

McMURRAY, Judge.

After a hearing Crowell had his driver's license revoked for a period of five years, as provided under Code Ann. § 68B-308 (Ga. L. 1975, pp. 1008, 1032, effective date January 1, 1976; 1977, pp. 307, 308). Crowell appealed this administrative decision to the Superior Court of Muscogee County, pursuant to the provisions of Code Ann. § 68B-315 (Ga. L. 1975, pp. 1008, 1041).

At the trial de novo the details of Crowell's driving record were set forth. Pleas of nolo contendere had been accepted on DUI (driving under the influence of alcohol or drugs) charges resulting from offenses occurring on February 25, 1970, September 15, 1974, May 9, 1977, and on a charge of using a vehicle to elude a police officer which offense had occurred on November 18, 1976. A bond forfeiture was shown on a DUI charge resulting from an

offense occurring on April 2, 1972.

The trial court found that the Department of Public Safety was only able to show two of the three convictions required by Code Ann. § 68B-308, supra, in order to declare Crowell an habitual violator. The court concluded that the bond forfeiture arising from the April 2, 1972, offense of DUI did not constitute a conviction and that the cases disposed of before the effective date of Code Ann. Title 68B, particularly Code Ann. § 68B-308, supra, could not be considered (i.e., two pleas of nolo contendere disposing of driving under influence cases prior to enactment of "these sections," hence these sections "cannot be retroactive to include or affect pleas entered and accepted prior to the[ir] effective date"). The trial court reversed the Department of Public Safety's classification of Crowell as an habitual violator and ordered his driver's license reinstated.

The Commissioner of the Department of Public Safety appeals. *Held:*

Code Ann. § 68B-308, supra, provides that "[w]hen the records of the department [Department of Public Safety] disclose that any person has been convicted of a violation of Title 68A or of a valid local ordinance adopted pursuant thereto, of an offense occurring on or after the effective date of this Title, which record of conviction, when taken with, and added to, the previous convictions of such person of offenses occurring within 10 years prior to the date of such offenses, as contained in the files of the department, shall reveal that said person is an habitual violator, as hereinafter defined in this section, the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be an habitual violator, and that henceforth it shall be unlawful for said habitual violator to operate a motor vehicle in this State . . . . As used in this section, 'habitual violator' means — any person who has been convicted in any of the United States: (1) Three or more times of: . . . violating Chapter 68A-9 of Title 68A of the Georgia Code (Uniform Rules of the Road) or of violating the law of any other State, or of a valid municipal or county ordinance substantially conforming to an offense in said Chapter 68A-9." Code Ann. §

68B-101 (b) (3) (Ga. L. 1975, pp. 1008, 1010) provides the following definition of conviction: "Except as provided elsewhere in this Title a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, a plea of guilty, or a finding of guilt on a traffic violation charge shall be a conviction regardless of whether the sentence is suspended, probated or rebated." The definition of conviction given in Code Ann. § 68B-101(b) (3), supra, clearly evidences the legislature's intention that Crowell's bond forfeiture arising from the DUI offense of April 2, 1972, be considered a conviction for the purpose of Code Ann. § 68B-308, supra.

Code Ann. § 68B-312 (a) (3) (Ga. L. 1975, pp. 1008, 1038; 1976, p. 1670) provides that "[f]or a . . . third conviction of any such offense [an offense listed in Code Ann. § 68B-305 (Ga. L. 1975, pp. 1008, 1027; 1976, p. 1073) which includes driving or being in actual physical control of a motor vehicle while under the influence of alcohol or any drug as defined by Code Ann. § 68A-902 and using a motor vehicle in fleeing or attempting to elude an officer] within 10 years, such person shall be considered to be a habitual violator, and his license shall be revoked as provided for in section 68B-310 (a) (1) of this Title: Provided that for the purposes of this paragraph 3, all accepted pleas of nolo contendere shall be considered convictions." This language permits the Department of Public Safety to rely upon the nolo contendere accepted on the DUI charges of February 25, 1970, and September 15, 1974, as convictions in classifying Crowell as an habitual violator.

Crowell argues that the legislature's intent creates an inequitable, unjust or unconstitutional statute. In other words, he contends that the statutes defining the word conviction create an ex post facto law which retrospectively alters the consequences of his prior criminal offenses. But the Supreme Court of Georgia in *Fowler v. State*, 235 Ga. 535 (221 SE2d 9), held that a prior habitual violator statute substantially similar to the present statute insofar as both allowed consideration of offenses which occurred before enactment of the statutes was not ex post facto. The repetition of the criminal conduct aggravates the offender's guilt and justifies

heavier penalties when he is again convicted, and the penalty is imposed for a new crime only but is heavier if the offender is an habitual violator. The increased penalty is for the latest crime which is considered to be an aggravated offense because it is repetitive. The trial court erred in overturning the Department of Public Safety's classification of Crowell as "an habitual violator" and in ordering the department to reinstate his driver's license.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED JUNE 22, 1978—
REHEARING DENIED JULY 13, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, John C. Walden, James L. Mackay, Assistant Attorneys General,* for appellant.
*Richard O. Smith,* for appellee.