## 37601. HALEY v. HARDISON.

UNDERCOFLER, Justice.

The single issue presented is whether state and federal procedural due process bars the General Assembly from defining the term "conviction" for the purpose of civil, administrative revocation of motor vehicle driver's licenses to include forfeitures of bail or collateral deposited to secure a defendant's appearance in court to answer DUI charges.[1]

The facts were not and are not in dispute. Two of the three convictions upon which the Department of Public Safety sought and obtained administrative revocation of Haley's driver's license were bond forfeitures for non-appearance in the Recorder's Court of the

---

[1] These proceedings were under the Habitual Violator Act. Haley appealed an adverse administrative decision to the superior court. Affirmance by the superior court precipitated the present appeal to this court.

City of Marietta to answer DUI charges.

The challenged statute[2] provides: "Conviction — except as provided elsewhere in this Title *a forfeiture* of bail or collateral deposited to *secure a defendant's appearance in court,* the payment of a fine, a plea of guilty, or a finding of guilt on a traffic violation charge *shall be a conviction* regardless of whether the sentence is suspended, probated, or rebated." (Emphasis supplied.)

Haley concedes that after legal research not a single case from Georgia or elsewhere has been discovered deciding the issue favorably to her position.

The State contends that Haley was on notice of the provisions of Code Ann. § 68B-101 (b) (3) treating a bond forfeiture as a "conviction" for purposes of Code Ann. § 68B-308. We agree. *Cofer v. Crowell,* 146 Ga. App. 639, 641 (247 SE2d 152) (1978). We hold that the notice and opportunity for hearing required by the due process clauses of the state and federal constitutions was provided by the summons in each of the two DUI cases. *Jones v. State,* 241 Ga. 178 (243 SE2d 872) (1978). Were the rule to be to the contrary, a person charged with DUI could evade the driver's license forfeiture provisions of the Habitual Violator Act simply by nonappearance to answer the DUI charges.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1981.

*Kendrick, Kent & Gordon, Nisbet S. Kendrick III, Richard Alan Gordon,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.

---

[2] Ga. L. 1975, pp. 1008, 1010; Code Ann. § 68B-101 (b) (3).