39164. LANDERS v. THE STATE.

HILL, Chief Justice.

A jury found defendant guilty of possession of a firearm by a convicted felon. OCGA § 16-11-131 (Code Ann. § 26-2914). He had been convicted of burglary in 1966 and was found in possession of two guns in December, 1980. The Court of Appeals transferred defendant's appeal to this court because defendant challenges the constitutionality of OCGA § 16-11-131 (Code Ann. § 26-2914).

The evidence introduced at trial showed that on December 18, 1980, defendant was arrested under an arrest warrant issued in Fulton County for violation of the Georgia Controlled Substances Act. At the time of his arrest, the defendant was nude. Incident to this arrest a Detective Greene searched the area immediately surrounding defendant. In response to a question by defendant, Greene stated he was looking for weapons. Motioning to a chest of drawers, defendant told Greene the top drawer contained two weapons. Greene found the weapons and announced to the defendant that they were forfeited. Defendant stated one gun belonged to him and the other was "pawned" to him. At trial defendant could not recall making these statements, nor could he recall the sequence of events of the arrest. He testified that one gun belonged to his common-law wife and the other to a friend.

The motel efficiency suite where the arrest was made was registered in defendant's name. Defendant's common-law wife was the only other person in the room at the time of the arrest. Defendant testified that another couple shared the suite and that all four persons stored their belongings in the chest. Before leaving the motel, officers observed defendant remove several packs of cigarettes from the drawer where the guns had been located.

1. Defendant first contends the evidence was insufficient to sustain a verdict of guilty. We find the evidence sufficient to establish defendant's possession of the weapons. There was evidence that defendant admitted owning one gun and that the other had been pawned to him. Defendant's first enumeration is without merit.

2. Defendant next argues his conviction should be reversed because he was denied effective assistance of trial counsel. Defendant complains trial counsel failed to make certain trial motions, to subpoena certain witnesses (one of whom defendant stated at trial he preferred not be called), and to object to certain evidence. We find no basis for a motion to suppress the guns. It was proper for the officer to search for weapons before allowing the defendant to dress. We find no interrogation of the defendant; he volunteered that the guns were in the dresser drawer and that they were his.

" 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' (Citation omitted.)" *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740) (1975). " 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective

assistance.' " *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974) and cit. "The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense." *Fortson v. State,* 240 Ga. 5, 6 (239 SE2d 335) (1977).

We find defendant's second enumeration without merit.

3. Defendant challenges the constitutionality of OCGA § 16-11-131 (Code Ann. § 26-2914) on two grounds. Defendant first contends the statute is invalid on its face because it violates Art. I, Sec. I, Par. V of the Constitution of Georgia (Code Ann. § 2-105).[1]

Defendant seeks a literal interpretation of this provision, particularly its first part. Under defendant's interpretation he would have had the constitutional right to bear arms during his trial in the court below and while serving his sentence. We reject such literalism. In *Strickland v. State,* 137 Ga. 1, 6 (72 SE 260) (1912), the court stated: "[T]he right to bear arms, like other rights of person and property, is to be construed in connection with the general police power of the State, and as subject to legitimate regulation thereunder. Where a State constitution in terms provides, in connection with the right to bear arms, that the State may regulate this right, or may regulate the manner of bearing arms, these words expressly recognize the police power in direct connection with the constitutional declaration as to the right." 137 Ga. at 6. This court has recently upheld the power of the General Assembly to enact reasonable regulations dealing with the keeping and carrying of weapons. *Carson v. State,* 241 Ga. 622 (247 SE2d 68) (1978). In enacting OCGA § 16-11-131 (Code Ann. § 26-2914), the General Assembly sought to keep guns out of the hands of those individuals who by their prior conduct had demonstrated that they may not possess a firearm without being a threat to society. We find the statute here is a reasonable regulation authorized by the police power and thus not violative of our Constitution.

4. Defendant next contends OCGA § 16-11-131 (Code Ann. § 26-2914), as applied to him, acts as an ex post facto law. He argues that because § 16-11-131 (Code Ann. § 26-2914) was not enacted until April, 1980, approximately 14 years after his burglary conviction, it operates to punish him further for his previous criminal conduct.

As a general rule, any law is ex post facto which is enacted after the offense was committed, and which, in relation to it or its

---

[1] "The right of the people to keep and bear arms shall not be infringed, but the General Assembly shall have power to prescribe the manner in which arms may be borne."

consequences, alters the situation of the accused to his disadvantage. *Todd v. State,* 228 Ga. 746, 748 (187 SE2d 831) (1972). In determining whether a statute is being applied in an ex post facto manner, the definitive time period to be considered is the date on which the criminal offense was committed. Defendant argues the appropriate time period is the date of the burglary. We do not agree.

OCGA § 16-11-131 (Code Ann. § 26-2914), the statute under which defendant was convicted, created an offense, possession of a firearm by a convicted felon. Defendant's punishment for his burglary conviction was not increased; he was convicted of a new offense, one element of which was his earlier felony conviction. Therefore we find the appropriate date for consideration is December 18, 1980, the date guns were found in defendant's possession. Because OCGA § 16-11-131 (Code Ann. § 26-2914) was enacted and became effective before December 18, 1980, it cannot be considered an ex post facto law as to defendant's conduct here.

A challenge similar to defendant's was made to Georgia's habitual violator law (OCGA §§ 40-5-58 et seq. (Code Ann. § 68B-308 et seq.)) in *Fowler v. State,* 235 Ga. 535 (221 SE2d 9) (1975). Fowler claimed the statute was being applied in an ex post facto manner by being used to convict him as a habitual offender based on traffic offenses occurring before enactment of the statute. Fowler committed an offense after enactment and, on the basis of this new offense plus the previous ones, was found to be a habitual violator. One of the elements of being a habitual offender is to have been convicted of earlier traffic offenses. This court found that the habitual violator law was not an ex post facto law for it imposed punishment on future offenses only, although a heavier penalty was set for the new offense. 235 Ga. at 536. Similarly OCGA § 16-11-131 (Code Ann. § 26-2914) imposes punishment for the new offense only.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*Larry W. Yarbrough,* for appellant.
Jerry Lee Landers, *pro se.*
*Thomas J. Charron, District Attorney, Mary E. Staley, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.