[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————————

No. 94-8896
Non-Argument Calendar

———————————————————

D. C. Docket Nos. 1:93-cr-89-1, 1:93-cr-500-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR H. STREVEL,

Defendant-Appellant.

———————————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————————

**(May 10, 1996)**

Before TJOFLAT, Chief Judge, EDMONDSON and BARKETT, Circuit
Judges.

PER CURIAM:


Appellant challenges his sentences of imprisonment for
structuring transactions to evade IRS reporting requirements on
two grounds. First, appellant contends that the district court
erred in calculating his criminal history category by treating as
a conviction a bond forfeiture in a DUI case brought in a Georgia

court. This contention is meritless; under Georgia law, a bond forfeiture in a DUI case is considered a conviction. See Cofer v. Crowell, 247 S.E.2d 152, 154 (Ga. Ct. App. 1978); cf. Haley v. Hardison, 279 S.E.2d 712, 713 (Ga. 1981).

Second, appellant contends that the district court, prior to the imposition of sentence, erred in failing to find as a fact the amount of the loss caused by appellant's fraud. According to appellant, the court relied solely on the amount stipulated in the parties' plea agreement.

The commentary to U.S.S.G. § 6B1.4(d) states that

> the [sentencing] court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.

At sentencing, the court, as appellant contends, arrived at the amount of the loss in the case simply by selecting the amount referred to in the plea agreement. The court relied on nothing else. This constituted a clear violation of the plain language of the commentary and requires that we remand the case for a determination of the amount of the loss in question and, thereafter, for resentencing.

SO ORDERED.