## A97A0730. LLOYD v. THE STATE.
(487 SE2d 44)

Judge Harold R. Banke.

Keith Edward Lloyd was convicted of criminal damage to property, two counts of aggravated assault, kidnapping, and aggravated assault with intent to rape. He received a sentence of life without parole on the kidnapping charge. On appeal, he enumerates five errors.

The evidence, viewed in the light most favorable to the verdict, reveals the following. *Sims v. State*, 266 Ga. 764, 765 (1) (470 SE2d 886) (1996). This case arose after Lloyd spotted the victim bicycling down a country road near her home. Lloyd stopped his Jeep in front of her, told her she was going to get wet, and asked her if she wanted a ride. She declined and proceeded toward her home. Lloyd then drove the Jeep into the victim, knocking her off the bicycle. He threatened to cut her with a screwdriver and forced her into the Jeep. When the Jeep would not start, Lloyd grabbed the victim by the arm and dragged her and the bicycle down an embankment to a drainage ditch.

Lloyd then ordered the victim to lie down on her back. He straddled her and pulled her top up and her pants down. Lloyd then pulled down his own pants and exposed himself.

At that point, a truck pulled up, its driver called out, and Lloyd went to see who it was. The terrified victim ran up the embankment, hysterically screaming, "He tried to kill me. He tried to rape me." She ran across the road and toward her home. Finally, she calmed down enough to recognize the couple in the truck that had stopped and let

them drive her home. After the victim explained what happened to her husband, he called the police.

When police reached the scene, the Jeep was still there, but Lloyd was not. After contacting the 911 center, the sheriff learned that a person matching Lloyd's description had been walking on a nearby road. The sheriff found and arrested Lloyd and confiscated a screwdriver from Lloyd's pocket. *Held*:

1. We reject Lloyd's contention that the evidence was insufficient to support the kidnapping charge because the State failed to prove the essential element of asportation. OCGA § 16-5-40; *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The victim's testimony that Lloyd grabbed her by the arm and dragged her down the embankment to the drainage ditch is sufficient to satisfy the asportation requirement. *Lockett v. State*, 217 Ga. App. 328, 329 (1) (457 SE2d 579) (1995) (the slightest movement of the victim establishes asportation).

2. The trial court's denial of Lloyd's motion for change of venue was not manifestly erroneous. *Cheeks v. State*, 203 Ga. App. 47, 49 (3) (b) (416 SE2d 336) (1992). The record shows that 14 venire members had read the sole article published about the crime in the local newspaper. The individuals who read the article indicated they could decide the case impartially and put aside what they read. Inasmuch as only one article was published some six months prior to the trial and not one juror was excused for having formed a fixed opinion about the case, we cannot say the evidence demanded a change of venue. *Lee v. State*, 258 Ga. 82, 86 (9) (365 SE2d 99) (1988). In any event, the record shows that Lloyd failed to exhaust his peremptory strikes, a fact which generally precludes a successful challenge to the denial of a motion for change of venue. *McDuffie v. State*, 210 Ga. App. 112, 115 (5) (435 SE2d 452) (1993).

3. We reject Lloyd's contention that similar transaction evidence admitted at trial was not sufficiently similar to the offenses charged. After a hearing, the trial court admitted evidence that Lloyd had pleaded guilty to rape, kidnapping, aggravated assault and possession of a firearm during commission of a felony several years earlier. The record shows that the similar transaction victim, a blond like the instant victim, was jogging on a country road when Lloyd pulled his car over and asked her if she needed a ride. When she refused, he pulled a shotgun from his car, pointed it at her, forced her into the car, and drove to a wooded area where he raped her. The trial court's finding that this evidence tended to prove the charge pending was not clearly erroneous. *Lumsden v. State*, 222 Ga. App. 635, 636 (1) (475 SE2d 681) (1996). Notwithstanding Lloyd's arguments to the contrary, the facts that he used a gun and a knife instead of a screwdriver and was interrupted before he completed the rape do not

demand a different result.

4. The Supreme Court's recent decision in *Ortiz v. State*, 266 Ga. 752, 753-754 (2) (a) (470 SE2d 874) (1996), forecloses Lloyd's argument that his sentence on the kidnapping charge, life without parole, constituted cruel and unusual punishment.

5. We reject Lloyd's contention that, as applied, OCGA §§ 17-10-6.1 and 17-10-7 (b) (2), the 1994 sentencing enhancement provisions under which his recidivist sentence on the kidnapping charge was imposed, constitute ex post facto laws. He advances the specious argument that when he committed the 1988 rape and kidnapping, he could not have known that six years later the General Assembly would enact these enhancement statutes, thereby preventing him from conforming his conduct accordingly.

"The rule with respect to the ex post facto clause is that any law enacted after the offense was committed which inflicts greater punishment or alters the situation of the accused is ex post facto." *Logan v. State*, 212 Ga. App. 734, 736 (1) (b) (442 SE2d 883) (1994). Because these statutes took effect before Lloyd committed the offenses at issue, the ex post facto clause has no application.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 9, 1997 — Before Judge Milam.
*Lee Sexton & Associates, Robert L. Ferguson*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.