### A97A0860. JOHNSON v. THE STATE.
(493 SE2d 926)

POPE, Presiding Judge.

Defendant Howard Johnson appeals his sentence of life without parole under OCGA § 17-10-7 (b) (2), arguing that the application of this Code section in his case violates the prohibition against ex post facto application of statutes. The offense for which he is being sentenced occurred after the effective date of this Code section, however. Accordingly, ex post facto considerations do not prohibit application of OCGA § 17-10-7 (b) (2), and we affirm defendant's sentence.

In 1986, defendant was convicted of armed robbery (seven counts). Effective January 1, 1995, OCGA § 17-10-7, a recidivist statute, was amended to provide that anyone convicted of a serious violent felony who has previously been convicted of a serious violent felony must be sentenced to life without parole if he is not sentenced to death. In October 1995, the court found defendant guilty of committing an armed robbery on April 11, 1995, and sentenced him to life without parole.

Defendant contends his sentence violates the prohibition against ex post facto application of statutes because his previous conviction of a serious violent felony occurred before January 1, 1995, the effective date of the amendment. The Supreme Court of Georgia has held, however, that the prohibition against ex post facto laws is not implicated in this type of situation because the defendant is being punished for the new crime only. See *Fowler v. State*, 235 Ga. 535 (221 SE2d 9) (1975). Defendants sentenced under recidivist statutes " 'are not punished a second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.' [Cit.]" Id. at 536. Thus, even if the previous offense occurred before the effective date of the statute, application of the statute is not ex post facto if the offense for which the defendant is being sentenced occurred after the effective date. Id. See also *Landers v. State*, 250 Ga. 501, 504 (4) (299 SE2d 707) (1983); *Solomon v. State*, 247 Ga. 27, 32 (7) (277 SE2d 1) (1981); *Lloyd v. State*, 226 Ga. App. 401, 403 (5) (487 SE2d 44) (1997); *Cofer v. Crowell*, 146 Ga. App. 639 (247 SE2d 152) (1978).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 17, 1997.

*Randolph E. Wynn*, for appellant.

*Charles H. Weston, District Attorney, Laura D. Hogue, Graham A. Thorpe, Assistant District Attorneys*, for appellee.