### A98A2440. THE STATE v. DEAN.
(510 SE2d 605)

BEASLEY, Judge.

Lawrence Dean allegedly struck and bloodied his wife in May 1997. Dean moved to dismiss an indictment alleging felony family violence batteries under OCGA § 16-5-23.1 (f) (2), on the ground that an element of the crime was a previous conviction of a family violence battery. In 1994, before the 1996 enactment of OCGA § 16-5-23.1 (f) defining the offense of "family violence battery,"[1] Dean had been convicted of battery against his wife. The court ruled that the prior conviction was not a conviction for family violence battery under the statute and granted Dean's motion. The State appealed.[2]

OCGA § 16-5-23.1 (f) provides: "If the offense of battery is committed between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery and shall be punished as follows:

"(1) Upon a first conviction of family violence battery, the defendant shall be guilty of and punished for a misdemeanor; and

"(2) Upon a second or subsequent conviction of family violence battery against the same or another victim, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years."

1. "The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. . . . Courts may construe the language employed in the act in connection with the context, and ascertain the legislative intent as derived from the old law, the evil, and the remedy. . . ."[3]

The passage of OCGA § 16-5-23.1 (f) in 1996 did not create a new offense but rather a separate category of an existing offense. The act is as old as the first Biblical family. The statute simply enhanced the

---

[1] See Ga. L. 1996, p. 449, § 1.

[2] See OCGA § 5-7-1 (a) (1).

[3] (Citation and punctuation omitted.) *Bd. of Trustees &c. v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980). See *Tippins Bank &c. Co. v. Southern Gen. Ins. Co.*, 266 Ga. 97 (464 SE2d 381) (1995) ("[t]he cardinal rule in construing a statute is to glean the intent of the legislature") (citations omitted).

penalty for the already prohibited act of battery when such involved family members. It used the term "family violence battery" descriptively, for the relational category of victim involved and as a label for such instances, to distinguish them from others for the purpose of punishment.[4] The statute did not declare criminal an act which heretofore had been non-criminal. If the *facts* of the prior conviction meet the definition, it counts. The first offense, pre-passage of the act, was and remains a misdemeanor; the second such offense, post-passage, bears more onerous consequences.

Enacted as a subpart of the penalty portion of the battery Code section, OCGA § 16-5-23.1 (f) increased to a felony the punishment of repeat convictions for battery against defined family members, just as OCGA § 16-5-23.1 (d) and (e) had earlier increased the punishment for second and third convictions for battery against the same victim. The legislature recognized in both instances that repetition itself increased the severity and reprehensibility of the act. For one thing, it demonstrates all too vividly and convincingly the lack of remorse of the perpetrator and the failure of first punishment to deter.

*Cofer v. Crowell*[5] similarly interpreted OCGA § 40-5-63 (a) (3), which at that time revoked one's license for the third DUI conviction within ten years. In 1975 the legislature had amended the statute to redefine conviction to also include nolo contendere pleas.[6] The defendant had pled nolo contendere to DUI charges in 1970 and 1974. When in 1977 he pled nolo to yet a third DUI charge, his license was administratively revoked, which decision a superior court reversed. *Cofer* reinstated the revocation, holding that the legislature could legitimately enhance punishment by redefining the effect or meaning of past pleas or convictions so long as the increased penalty was imposed for a crime committed after the enactment of the legislation.

Likewise, the legislature redefined Dean's past battery conviction to be a family violence battery conviction, which could serve as a basis for enhancing the penalty under OCGA § 16-5-23.1 (f).[7] He was

---

[4] It tracked much of the language of OCGA § 19-13-1 (enacted in 1992), a civil statute defining "family violence" as a battery involving the same family members. See Ga. L. 1992, pp. 1266, 1269, § 3.

[5] 146 Ga. App. 639 (247 SE2d 152) (1978).

[6] Ga. L. 1975, pp. 1008, 1039, § 68B-312 (a) (3); compare Ga. L. 1972, pp. 1086, 1087-1088, § 3.

[7] See Baines, "Crimes Against the Person: Increase Penalty for Family Violence Convictions and Reduce the Number of 'Free Strikes' for Batterers," 13 Ga. St. Univ. L. Rev. 101, 102 (1996) ("[t]he Act . . . allows a felony charge for the second and all subsequent offenses of battery on a family member as defined by Code section 19-13-1"); see also *Haley v. Hardison*, 247 Ga. 750 (279 SE2d 712) (1981) (before committing subsequent offense, accused was on notice that bond forfeiture was considered a conviction).

forewarned that now what he had done in the past would bring a more severe penalty if he did it again. A charge of the latter is what he now faces.

2. Dean contends that the application of OCGA § 16-5-23.1 (f) to increase his punishment based on convictions predating the enactment of the statute violates the state and federal constitutional prohibitions against ex post facto laws.[8] *Landers v. State*[9] rejected this argument. Even though a statute, passed after a conviction, uses the conviction as an element of a future offense, this is not an ex post facto law, because the defendant's punishment for his earlier conviction is not increased. Rather, the statute punishes only for a future offense, which punishment is rationally enhanced by the prior conviction.[10]

In *Fowler v. State*[11] the defendant complained that the statute under which he was being charged as a habitual offender was enacted after his earlier traffic offenses. Holding that the habitual violator law was not an ex post facto law, *Fowler* explained that the law imposed punishment on future offenses only, although a heavier penalty was set for the new offense. "The increased penalty is for the latest crime, which is considered to be an aggravated offense because a repetitive one."[12] OCGA § 16-5-23.1 (f) is not an ex post facto law; it punishes only for post-enactment offenses.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 28, 1998.

*Cheryl F. Custer, District Attorney, Andrea M. Dyer, Assistant District Attorney*, for appellant.

*John P. Howell*, for appellee.

---

[8] U. S. Const., Art. I, Sec. IX; Ga. Const. of 1983, Art. I, Sec. I, Par. X.

[9] 250 Ga. 501, 503-504 (4) (299 SE2d 707) (1983).

[10] See *Johnson v. State*, 229 Ga. App. 400 (493 SE2d 926) (1997) ("even if the previous offense occurred before the effective date of the statute, application of the statute is not ex post facto if the offense for which the defendant is being sentenced occurred after the effective date") (citations omitted); *Lloyd v. State*, 226 Ga. App. 401, 403 (5) (487 SE2d 44) (1997) (same).

[11] 235 Ga. 535 (221 SE2d 9) (1975).

[12] (Citations omitted.) 235 Ga. at 536; see *Tribble v. State*, 168 Ga. 699 (1) (a) (148 SE 593) (1929) ("[t]he propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England; and they are not punished a second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted") (citations omitted).