## A04A0498. DENSON v. STATE OF GEORGIA.
(600 SE2d 645)

MILLER, Judge.

Derrick Denson appeals from the trial court's order declaring that OCGA § 42-1-13[1] was not unconstitutional as applied to Denson. In Denson's sole enumeration on appeal, he argues that OCGA § 42-1-13 is an unconstitutional ex post facto law as applied to him, because the law was enacted after Denson, a convicted sex offender, had already been living within 1,000 feet of a day care facility. According to Denson, enforcement of the law would now unfairly subject him to increased punishment. We hold that, because the additional punishment for Denson could only be imposed if Denson chooses to commit a new crime by failing to move from his current residence, and OCGA § 42-1-13 does not otherwise affect Denson's current sentence, the trial court did not err in concluding that OCGA § 42-1-13 was not unconstitutional as applied to Denson. We therefore affirm.

The record reveals that Denson pled guilty to statutory rape in 1997 and was sentenced to ten years (two to serve and eight on probation). As a convicted sex offender, Denson was required to be, and is, registered with the State Sexual Offender Registry pursuant to the provisions of OCGA § 42-1-12. While serving his probation, and prior to the General Assembly enacting OCGA § 42-1-13 in June 2003, Denson began living within 1,000 feet of a day care facility. Denson's probation officer contacted him by letter dated August 21, 2003, informing Denson that he was in violation of OCGA § 42-1-13 by living within 1,000 feet of the day care facility, and that the State would issue a warrant for Denson's arrest if he did not move to a new residence.

Denson filed a declaratory judgment action in Troup County Superior Court, arguing that OCGA § 42-1-13 was an unconstitutional ex post facto law as applied to him. Denson contended that enforcement of the statute would unfairly increase his sentence retroactively, because prior to the new law being passed, Denson had been in full compliance with the law when he began living in the house that was within 1,000 feet of the day care facility. The trial

---

[1] OCGA § 42-1-13 provides in subsections (b) and (c) that
[n]o individual required to register [as a sex offender] under Code Section 42-1-12 shall reside within 1,000 feet of any child care facility, school, or area where minors congregate . . . [and] [a]ny person who knowingly fails to comply with the requirements of this Code section shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than three years.

court declared that OCGA § 42-1-13 was not unconstitutional as applied to Denson, and further denied Denson a temporary injunction staying enforcement of the statute against him, prompting this appeal.

Where only an issue of law exists and the facts are undisputed in a bench trial, we review the trial court's decision for plain legal error. *Bearden v. Ga. Power Co.*, 262 Ga. App. 550 (586 SE2d 10) (2003). Here, the facts are undisputed.

> The ex post facto clause of the Georgia Constitution prohibits the infliction of a greater punishment than was permitted by the law in effect at the time of the commission of the offense, the subsequent criminal proscription of an act which was not a crime when done, the alteration of the quality or degree of the charge, the requirement of less or different evidence than was necessary at the time of the violation, and the deprivation of any substantial right or immunity possessed at the time the defendant committed the act.

(Citation omitted.) *Hamm v. Ray*, 272 Ga. 659 (1) (531 SE2d 91) (2000). Here, Denson contends that enforcement of OCGA § 42-1-13 against him will deprive him of substantial rights and increase his punishment. We disagree.

> Even though a statute, passed after a conviction, uses the [prior] conviction as an element of a future offense, this is not an ex post facto law, because the defendant's punishment for his earlier conviction is not increased. Rather, the statute punishes only for a future offense, which punishment is rationally enhanced by the prior conviction.

(Footnote omitted.) *State v. Dean*, 235 Ga. App. 847, 849 (2) (510 SE2d 605) (1998). Such is the case here, as Denson can only be punished under OCGA § 42-1-13 if he prospectively chooses to violate the law by continuing to reside at his current address. The fact that Denson's prior conviction subjects Denson to possible punishment under OCGA § 42-1-13 does not somehow convert the statute into an unconstitutional ex post facto law as applied to Denson. The trial court properly concluded that Denson was not entitled to the requested declaratory relief.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 20, 2004.

*Jackie G. Patterson,* for appellant.
*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, James J. Phillips, Assistant Attorney General,* for appellee.