[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13394
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00008-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH STEPHENS WORLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 5, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Hugh Worley appeals his 31-month sentence, imposed following his conviction for federal programs bribery in violation of 18 U.S.C. § 666(a)(1)(B). On appeal, he argues that the district court clearly erred in finding that the loss amount attributable to him was $18,000 and enhancing his offense level accordingly under U.S.S.G. § 2B1.1(b)(1)(C), because the government failed to establish the loss amount by a preponderance of the evidence.  He also argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(C) by failing to attach a copy of its factual findings to the Presentence Investigation Report ("PSI").

We review a district court's loss calculation for clear error, and will overturn the calculation only if we are "left with a definite and firm conviction that a mistake has been committed."  United States v. Campbell, 765 F.3d 1291, 1302 (11th Cir. 2014).  A district court's interpretation of the Guidelines and the application of the Guidelines to the facts are reviewed *de novo*.  United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004).

When the government seeks to apply an enhancement under the Sentencing Guidelines over the defendant's factual objection, the government has the burden of introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence.  United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013).  Absent a stipulation or agreement between the parties, an

2

attorney's factual assertions at the sentencing hearing do not constitute evidence upon which a district court can rely.  Id.  Facts contained in the PSI are considered undisputed and deemed to have been admitted unless a party clearly and specifically objects to them before the sentencing court.  United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009).  The sentencing court may rely upon undisputed statements without error, even if there is an absence of supporting evidence.  Id.

We have recognized that it may often be difficult to determine the loss amount with precision, and the Guidelines only require that the district court make a "reasonable estimate" of the loss.  Campbell, 765 F.3d at 1301; U.S.S.G § 2B1.1 cmt. n.3(C).  Because the method for calculating loss is highly fact-dependent, we give district courts considerable leeway in choosing how to go about the task.  Campbell, 765 F.3d at 1301.  Nonetheless, the district court must support its loss calculation with reliable and specific evidence.  Id.

Loss is defined by the Guidelines as "the greater of actual or intended loss."  U.S.S.G. § 2B1.1 cmt. n.3(A).  Actual loss means the "reasonably foreseeable pecuniary harm that resulted from the offense."  U.S.S.G. § 2B1.1 cmt. n.3(A)(i).  If the defendant returned any money or property to the victim or rendered any services before the offense was detected, the loss amount is reduced by the fair market value of the money returned or the services rendered.  U.S.S.G. § 2B1.1

3

cmt. n.3(E)(i).  This "net loss approach" reflects the Sentencing Commission's position that an offender who transfers something of value to the victim is generally committing a less serious offense than one who does not.  Campbell, 765 F.3d at 1302.

Section 6B1.4 of the Guidelines contains a policy statement regarding stipulations that are made as a part of a plea agreement.  U.S.S.G. § 6B1.4.  A court is not bound by any stipulation, and may not rely exclusively upon a stipulation in ascertaining the factors relevant to the determination of the sentence.  U.S.S.G. § 6B1.4(d), cmt.  Instead, the court should consider the stipulation, together with the PSI and any other relevant information.  U.S.S.G. § 6B1.4 cmt.  In United States v. Strevel, 85 F.3d 501, 502 (11th Cir. 1996) (per curiam), we concluded that it was error for the sentencing court to rely solely upon the loss calculation stipulated in the plea agreement, because such reliance constituted a clear violation of the plain language of the commentary.  Stipulations are encouraged to aid, but not supplant, the sentencing court's fact-finding.  United States v. Forbes, 888 F.2d 752, 754 (11th Cir. 1989).

The district court considered the stipulations regarding the restitution amount Worley agreed to pay and the government's information about transactions involving Worley totaling $33,771.61. Worley contended that the four payments to Sims Paving should not be considered because the City received the benefit of

4

having the paver available, even though the projects involving the paver never took place. Without these payments, the total loss amount would be $13,771.61. The government agreed that the City received some benefit from the transactions, but this benefit was not the entire $20,000 of the four payments. Thus, the loss to the City would be $20,000 minus whatever benefit the City received from the rental of the paver, added to the $13,771.61 of undisputed loss. The government argued that a reasonable estimate of this loss would be $18,000, the amount stipulated to by Worley as restitution. The Court agreed, and found that $18,000 was a reasonable estimate of the loss to the City.

The court did not solely rely on the stipulations[1], but considered them along with the government's table of calculations. This was not clear error. Calculating loss amount is difficult to determine with precision, and the district court only needed to come up with a reasonable estimate. See Campbell, 765 F.3d at 1301. Although the parties disputed the value of the benefit to the City of the paver (which the City never used but to which the City potentially had access), the district court's apparent estimate of that benefit was informed not only by the stipulation, but also by the unobjected to fact in the PSI that the paver remained at

---

[1] We need not in this case decide whether an agreement to pay $18,000 restitution is a mere stipulation subject to the policy statement in U.S.S.G. § 6B1.4(d), cmt. because, even assuming it is, the district court here did not rely solely on this agreement. That is, it may well be that an agreement on the part of Worley to actually pay the City $18,000 may have more probative value than a mere agreement that losses for sentencing purposes were $18,000; again, however, that is an issue we need not decide in this case.

5

Sims Paving. <u>See</u> PSI at ¶14. Moreover, even if the City received 90% of the value of what it paid for the paver, the total loss to the City would still exceed $15,000, necessitating the sentence enhancement applied by the district court.

As to Worley's second argument on appeal, it is well settled in this circuit that "failure to attach such determinations to the PSI is a 'ministerial matter' which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report." <u>United States v. Spears</u>, 443 F.3d 1358, 1362 (11th Cir. 2006). Thus, we

**AFFIRM Defendant's sentence and REMAND for the limited purpose of attaching a copy of the transcript from Defendant's sentencing hearing to the presentence report.**